UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Dale A. Williams, Sr.,                                            Civil No. 14-369 (DWF/FLN)

                Plaintiff,

v.                                                          **ORDER ADOPTING REPORT**
                                                             **AND RECOMMENDATION**

Nancy Johnston, Paul Mayfield,
Shelley Rorvick, Thom Lundquist,
Courtney Menten, Joe Mullen,
and Jannine Hébert,

                Defendants.

This matter is before the Court upon Defendants Nancy Johnston, Paul Mayfield, Shelley Rorvick, Thom Lundquist, Courtney Menten, Joe Mullen, and Jannine Hébert's ("Defendants") objections (Doc. No. 20) to Magistrate Judge Franklin L. Noel's January 28, 2015 Report and Recommendation ("R&R") (Doc. No. 19) insofar as it recommends that Defendants' motion be denied with respect to certain claims against Defendants Hébert, Mayfield, Lundquist, and Menten in their individual capacities. Plaintiff filed a response to Defendants' objections on February 26, 2015.[1] (Doc. No. 24.)

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The factual background for the above-entitled matter is clearly and

---

[1] Although Plaintiff's response was technically not timely, in light of the fact that Plaintiff is *pro se* and that the response was only one day after the deadline, the Court treats the filing as properly filed for purposes of its analysis here.

precisely set forth in the R&R and is incorporated by reference for purposes of Defendants' objections.

In the R&R, Magistrate Judge Noel concludes that all claims for monetary damages against the Defendants in their official capacities should be dismissed.  (Doc. No. 19 at 5.)  Magistrate Judge Noel also found that Plaintiff failed to allege sufficient facts to support his claims against Defendants Johnston, Rorvick, and Mullen and that claims against those Defendants should be dismissed.  (*Id*. at 5-7.)   Defendants do not dispute either of these recommendations.   (*See* Doc. No. 20.)

With respect to Defendants Hébert, Mayfield, Lundquist, and Menten, Magistrate Judge Noel found that the allegations in the complaint were sufficient to state a cognizable claim that Defendants violated Plaintiff's First Amended rights to association, in part because Plaintiff had "at least some visitation rights under the First Amendment" and based upon caselaw.  (Doc. No. 19 at 11-12.)   Similarly, the Magistrate Judge held that the allegations in the complaint were sufficient to state a cognizable claim that Defendants violated Plaintiff's procedural due process rights under the Fourteenth Amendment.   (*Id.* at 15.)   Finally, the Magistrate Judge concluded that Defendants Hébert, Mayfield, Lundquist, and Menten are not entitled to qualified immunity at this time because it was clearly established that Plaintiff had a constitutional right to association with family members.  (*Id.* at 17.)

Defendants object to Magistrate Judge Noel's conclusion that Plaintiff had any right to visitation.   In their objection, Defendants dispute Magistrate Judge Noel's reliance on

the cases *Overton v. Bazzetta*, 539 U.S. 126 (2003) and *Meyer v. Nebraska*, 262 U.S. 390 (1923), in concluding that Plaintiff had at least some visitation rights.   Defendants assert that these cases, along with certain cases distinguished by Magistrate Judge Noel, show that there was no clearly established right to visitation.   Also, according to Defendants, the *Turner*[2] factors show the alleged restrictions are reasonably related to a legitimate governmental interest.   Defendants also object to Magistrate Judge Noel's finding that the factual allegations can support Plaintiff's constitutional claims.   Finally, Defendants object to Magistrate Judge Noel's conclusion that Defendants are not entitled to qualified immunity in this case.   (*See generally* Doc. No. 20.)[3]

At this stage, Defendants fail to offer any compelling reasons for deviating from the R&R.   The Court agrees with Magistrate Judge Noel that some right to visitation does exist in the civil commitment context because civilly committed individuals do not lose all of their association rights.   (*See* Doc. No. 19.)   Correspondingly, civilly committed individuals are entitled to at least some degree of due process.   (*See id.*)   Based on this analysis, qualified immunity is also not appropriate at this time.   (*See id.*)   The Court further agrees with Magistrate Judge Noel's analysis that, at this early stage in the

---

[2]     *Turner v. Safley*, 482 U.S. 78 (1987).

[3]     To the extent that one could view Plaintiff's response to include objections to the dismissal of claims for monetary damages or the dismissal of Defendants Johnston, Rorvick, and Mullen, the Court declines to overrule the R&R.   The law and facts are clear that there can be no monetary damages against any Defendants as sought by Plaintiff and that Plaintiff failed to plead any specific facts with respect to Plaintiff's visitation issues and Defendants Johnston, Rorvick, and Mullen.

proceedings, Plaintiff has put forth adequate facts to overcome a motion to dismiss, regardless of the legal standards being applied.[4]  Plaintiff's allegations are indeed "not merely conclusory, but [are] specific allegations of wrongdoing."[5]  (*Id.* at 9.)  Plaintiff points to specific letters and discussions denying his visitation requests.  (*See* Doc. No. 1 ¶¶ 10-12, 26, 29.)  Plaintiff may not be able to withstand further dispositive motions as the case proceeds, but at this phase has met his burden.  As a result, the Court adopts the R&R in its entirety.

Thus, based upon the *de novo* review of the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1.Defendants Nancy Johnston, Paul Mayfield, Shelley Rorvick, Thom Lundquist, Courtney Menten, Joe Mullen, and Jannine Hébert's objections (Doc. No. [20]) to Magistrate Judge Franklin L. Noel's January 28, 2015 Report and Recommendation are **OVERRULED**.

2.Magistrate Judge Franklin L. Noel's January 28, 2015 Report and Recommendation (Doc. No. [19]) is **ADOPTED**.

---

[4]The Court notes that relevant standards will likely be addressed by the Court's upcoming decision in the matter of *Karsjens v. Jesson*, Civ. No. 11-3659 (D. Minn.).  *See generally Karsjens v. Jesson*, Civ. No. 11-3659, 2015 WL 420013 (D. Minn. Feb. 2, 2015) (ECF Doc. No. 828).

[5]The Court also notes that additional information will likely be needed relating to the victim's perspective on visitation.

    3.     To the extent Defendants seek to dismiss all claims against the named Defendants in their official capacities for monetary damages, Defendants' motion (Doc. No. [9]) is **GRANTED**.

    4.     To the extent Defendants seek to dismiss all claims against Defendants Johnston, Rorvick, and Mullen in both their individual and official capacities, Defendants' motion (Doc. No. [9]) is **GRANTED** and Defendants Johnston, Rorvick, and Mullen are **DISMISSED WITH PREJUDICE**.

    5.     To the extent Defendants seek to dismiss all claims against Defendants Hébert, Mayfield, Lundquist, and Menten in their individual capacities, Defendants' motion (Doc. No. [9]) is **DENIED**.

    6.     All discovery is **STAYED** until the Court's Findings of Fact, Conclusions of Law, and Memorandum Opinion and Order is released in the matter of *Karsjens v. Jesson*, Civ. No. 11-3659 (D. Minn.).

Dated:   March 25, 2015        s/Donovan W. Frank
                                       DONOVAN W. FRANK
                                       United States District Judge