## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Dale A. Williams, Sr.,                                    Civil No. 14-369 (DWF/FLN)

                    Plaintiff,

v.                                                        **MEMORANDUM**
                                                          **OPINION AND ORDER**

Paul Mayfield; Thom Lundquist;
Courtney Menten; Justine Wandling, MA;
Kellie Bodie-Miner, MSW, LISCW; Kathryn
Lockie, MA, LPCC; Jannine Hebert,
Executive Clinical Director of MSOP,

                    Defendants.

_____

Dale A. Williams, Sr., *pro se*; and Theresa M. Bevilacqua, Esq., Dorsey & Whitney LLP, counsel for Plaintiff.[1]

Anthony R. Noss, Assistant Attorney General, Minnesota Attorney General's Office, counsel for Defendants.

_____

### INTRODUCTION

This matter is before the Court on a Motion to Dismiss pursuant to 28 U.S.C.

§ 1915(e)(2)(A)[2] by Defendants.[3]  For the reasons set forth below, the Court grants the

motion and dismisses Plaintiff's case without prejudice.

_____

[1]     Williams is a *pro se* litigant whose case was referred for representation to the Federal Bar Association *Pro Se* Project.  (*See* Doc. No. 78.)  Theresa M. Bevilacqua is appearing on Williams' behalf "for the limited purpose of responding to Defendants' Motion for Summary Judgment."  (Doc. No. 93.)  Bevilacqua also assisted Williams in responding to the matter currently pending before the Court.  (Doc. Nos. 115, 116.)

## BACKGROUND

Plaintiff Dale Williams is an individual who has been civilly committed to the

Minnesota Sex Offender Program ("MSOP").  (Doc. No. 84 ("Am. Compl.") ¶ 1.)  In

2013, Williams' daughter and granddaughter sought to visit him.  (*Id.* ¶ 9.)  The visitation

application sent to MSOP was denied.  (*See id.*)  In response, Williams commenced this

action against Defendants under 42 U.S.C. § 1983 alleging violations of the First and

Fourteenth Amendment.

In connection with the filing of his original Complaint in February 2014, Williams

filed a Motion for Leave to Proceed *In Forma Pauperis* ("IFP") and an accompanying

affidavit claiming that he was unable to pay court filing fees.  (Doc. No. 2; Doc. No. 3

---

(Footnote Continued From Previous Page)

[2]    Defendants did not file a Motion to Dismiss under 28 U.S.C. § 1915(e)(2)(A), but
raised the issue in their Summary Judgment briefing.  (*See* Doc. No 57 at 35 n.13; Doc.
No. 81 at 7 & n.5; Doc. No. 101 at 7.)  Given the limited briefing on this issue, the Court
reserved ruling on the propriety of dismissal and ordered the parties to fully brief the
issue, construing Defendants' arguments as a Motion to Dismiss under 28 U.S.C.
§ 1915(e)(2)(A).  (*See* Doc. No. 110 at 12-14.)  The parties thereafter submitted briefing
on the propriety of dismissal and whether any dismissal should be imposed with or
without prejudice.  (*See* Doc. Nos. 111, 115, 117.)

[3]    On May 26, 2016, the Court granted Plaintiff leave to amend his Complaint to add
the following individuals as Defendants:  Justina Wandling, MA; Kelli Bodie-Miner,
MSW, LISCW; and Kathryn Lockie, MA, LPCC.  (Doc. No. 69 at 6.)  On June 29, 2016,
Plaintiff filed an Amended Complaint, adding these individuals as Defendants.  (Doc.
No. 84.)  In their Answer, Defendants assert that these individuals have not been served
and are thus not parties in this case.  (*See* Doc. No. 87 at 1.)  The Court's reference to
"Defendants" within this Order is limited to the answering Defendants—Jannine Hebert,
Thom Lundquist, Paul Mayfield, and Courtney Menten—who originally moved for
Summary Judgment and have pursued dismissal under 28 U.S.C. § 1915(e)(2)(A).  (*See*
Doc. Nos. 55, 87, 111.)

("IFP Affidavit").)  On February 5, 2014, Williams asserted the following in his IFP

Affidavit:

> . . . I have not received within the last twelve months (12) any money from
> the following sources:  Business, profession, or self-employment; Rent
> payments, interests, or dividends; Pensions, annuities, or life insurance
> payments; Gifts of inheritances; or any other sources. . . .
> . . . I own approximately $100.00 cash and I have no money in any
> checking or savings account. . . .
> . . . I am currently unemployed at MSOP and do not expect to have any
> income. . . .

(IFP Affidavit ¶¶ 5-6, 8.)  Based on this sworn testimony, the Court granted Williams IFP

status and his court fees were waived.  (*See* Doc. No. 6.)

During his March 25, 2016 deposition, Williams admitted that, when he filed for

IFP status, it was incorrect to say that he was unable to pay court fees and costs.  (Doc.

No. 112 ("Noss Aff.") ¶ 2, Ex. 1 ("Williams Dep.") at 213-14.)  Deposition testimony

revealed that, around February 5, 2014, Williams had at least $16,000 in veterans'

benefits, that he received at least $2,873 in veterans' benefits monthly, and that he had

two bank accounts—none of which was disclosed on his application.  (*Id.* at 53, 194-95,

203-09, 212.)  Williams claimed that he did not disclose such information because he did

not think that his veterans' benefits counted when applying for IFP status.  (*Id.* at

210-13.)  Williams further testified that he indicated only having $100 on the IFP

Affidavit because he had been told to do so by another committed individual at MSOP.

(*Id.* at 209-11.)  Williams stated that, according to another individual at MSOP, "the

normal procedure is to put down a hundred dollars."  (*Id.* at 209.)

In responding to Defendants' briefing on dismissal, Plaintiff has submitted a declaration stating: "Before this litigation, I have never filed an *in forma pauperis* application in the federal court, and I was unfamiliar with the process and requirements." (Doc. No. 116 ("Williams Decl.") ¶ 3.)  Consistent with his deposition testimony, he also provided the following explanation for his failure to disclose his veterans' benefits: "In preparing my *in forma pauperis* application, I understood that my veterans payments, which are my sole source of money, should not be included in my application." (*Id.* ¶ 4.) Finally, Plaintiff clarified that the assets that he failed to disclose consisted of veterans' benefits, "including the money in [his] bank accounts." (*Id.* ¶ 5.)  Defendants now seek dismissal of the case with prejudice under 28 U.S.C. § 1915(e)(2)(A).  (*See* Doc. No. 111.)

## DISCUSSION

Pursuant to 28 U.S.C. § 1915(e)(2)(A), the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that . . . the [affiant's] allegation of poverty is untrue."  Where an individual's allegation of poverty is found to be false, dismissal is mandatory.[4]  *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000) (holding that the IFP statute "requires the district court to dismiss the claim if it

---

[4]    The Eighth Circuit has elaborated that misstated assets in an affidavit do not automatically render an allegation of poverty "untrue." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000) (citation omitted).  Rather, dismissal under 28 U.S.C. §1915(e)(2)(A) "must be based on whether [the] *allegation of poverty* is true, and not on whether [the applicant] misstated . . . assets in [the] affidavit, so long as [the] misstatements were made in good faith." *Id.*

finds that [the applicant] is not sufficiently poor to qualify for in forma pauperis status given the facts that are true"); *see also Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 306 (7th Cir. 2002) ("Because the allegation of poverty was false, the suit had to be dismissed; the judge had no choice." (citing 28 U.S.C. § 1915(e)(2)(A))).  The district court, however, retains discretion as to whether dismissal will be with or without prejudice. *Thomas*, 288 F.3d at 306.  In exercising discretion under the statute, courts should determine whether the plaintiff acted in bad faith, and if so, whether dismissal with prejudice would be an appropriate sanction upon consideration of all the circumstances.

## I.    Plaintiff's Allegation of Poverty

The Court concludes, and neither party appears to genuinely dispute, that Williams' allegation of poverty was, in fact, untrue.[5]  Williams stated in his IFP Affidavit that he had a total of $100 when, according to his deposition testimony, he had access to at least $16,000.  If the Court had been aware of this information at the outset, IFP status almost certainly would not have been granted.  Accordingly, dismissal is required under § 1915(e)(2)(A), and the central issue before the Court is whether such dismissal should be with or without prejudice.

---

[5]    In their supplemental briefing on the matter, Defendants specifically argue that Williams' allegation of poverty in his IFP affidavit is untrue.  Williams, however, fails to oppose this contention, only addressing the issue insofar as to acknowledge his deposition testimony regarding his finances and agreeing that the Court is required to dismiss the case "to the extent that the Court determines that [Williams'] allegation of poverty is consequentially untrue."  (Doc. No. 115 at 5.)

## II.    Bad Faith

In exercising discretion under § 1915(e)(2)(A), the Court must first consider whether Williams acted in bad faith.  The Eighth Circuit—explicitly following the Third, Sixth, and Eleventh Circuit Courts of Appeal—has held that "a district court has the discretion to dismiss a case with prejudice where a plaintiff has in bad faith filed a false affidavit of poverty."  *Romesburg v. Trickey*, 908 F.2d 258, 260 (8th Cir. 1990) (citing *Harris v. Cuyler*, 664 F.2d 388, 389-91 (3rd Cir. 1981); *Thompson v. Carlson*, 705 F.2d 868, 869 (6th Cir. 1983) (per curiam); *Dawson v. Lennon*, 797 F.2d 934, 935 (11th Cir. 1986) (per curiam)); *see also Finan v. Good Earth Tools, Inc.*, 565 F.3d 1076, 1080 (8th Cir. 2009).  However, "dismissal with prejudice is a drastic sanction which should be exercised sparingly."  *Romesburg*, 908 F.2d at 260 (citing *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986)).  Thus, to the extent evidence of bad faith is lacking, dismissal with prejudice is not appropriate.  *See Harris*, 664 F.2d at 391 (concluding that dismissal with prejudice is appropriate only when the court finds the applicant "has engaged in conscious or intentional acts or omissions"); *see also Matthews v. Gaither*, 902 F.2d 877, 881 (11th Cir. 1990) ("In the absence of a finding of bad faith misstatement of assets, litigiousness or manipulative tactics . . . dismissal with prejudice is not warranted." (citing *Camp v. Oliver*, 798 F.2d 434, 438 (11th Cir. 1986))).

Williams argues that he did not act in bad faith and, as such, dismissal without prejudice is the appropriate sanction in this case.  Specifically, Williams emphasizes that he had no prior experience with civil litigation or IFP procedure, and he asserts that he completed the IFP application to the best of his understanding, informed by the advice of

other individuals at MSOP.  Further, Williams argues that he was clear and forthcoming regarding his assets when asked about them during the deposition, and explained that his understanding was that veterans' benefits did not count toward IFP status.  He argues this is a reasonable misunderstanding because veterans' benefits are not counted as income for federal income tax purposes.

In contrast, Defendants argue that the record provides ample evidence that Williams filed the false affidavit of poverty in bad faith, warranting dismissal with prejudice.  First, Defendants assert that Williams' failure to correct the record and provide a credible explanation for his misstatements is evidence of bad faith. Specifically, Defendants contend that Williams' argument that he relied on the advice of others is insufficient and has been rejected by the Eighth Circuit.  Defendants further argue that bad faith is evinced by the materiality of Williams' omissions and aver that Plaintiff improperly hid information while substituting his own judgment for that of the Court.

When evaluating bad faith in this context, courts may consider a variety of factors, including the materiality of misrepresentations, a plaintiff's familiarity with federal litigation and the IFP system, and whether the plaintiff has provided a credible explanation.  Bad faith may be evident, for example, where a plaintiff's deliberate misrepresentation of assets materially impacted IFP eligibility.  *See Kennedy v. Huibregtse*, 831 F.3d 441, 443-45 (7th Cir. 2016) (affirming dismissal with prejudice where the plaintiff acted in bad faith by deliberately hiding certain assets in trust, the funds of which were material to determining IFP eligibility); *Bell v. Dobbs Int'l Serv.*, 6

F. Supp. 2d 863, 864-65 (E.D. Mo. 1998) (dismissing case with prejudice where the plaintiff materially misrepresented assets in her IFP affidavit by understating her income, not disclosing her husband's income, omitting account balances, and failing to disclose four real estate properties). Materiality alone, however, is not sufficient to establish bad faith. *See, e.g.*, *Rodriguez v. Shiro*, No. 10 Civ. 8019 (LTS) (JLC), 2011 U.S. Dist. LEXIS 77554, at *2-3 (S.D.N.Y. July 18, 2011) (finding that even though the plaintiff made an intentional omission and asserted an untrue allegation of poverty, the plaintiff's omission was "not necessarily the product of bad faith"); *Bell*, 6 F. Supp. 2d at 865 (finding bad faith based on "the materiality of the omissions and misrepresentations, the lack of a credible 'innocent' explanation therefor, and plaintiff's apparent total disregard for the truth, completeness, and accuracy of the affidavit").

In addition to materiality, courts often afford significant weight to a plaintiff's level of familiarity with federal litigation and IFP procedures. Where a plaintiff has extensive experience with filing for IFP status, for example, false misrepresentations or omissions have been found to be evidence of bad faith. *See Attwood v. Singletary*, 105 F.3d 610, 611-13 (11th Cir. 1997) (affirming dismissal with prejudice and noting that the actions of the plaintiff, who had filed more than sixty claims in federal court, "show[ed] a history of bad faith litigiousness and deceit"); *Vann v. Comm'r of the N.Y.C. Dep't of Corr.*, 496 F. App'x 113, 115-16 (2d Cir. 2012) (finding evidence of bad faith based on the plaintiff's extensive litigation experience and familiarity with the IFP process); *Dawson*, 797 F.2d at 935 ("[The plaintiff's] behavior in attempting to claim indigent status while failing to draw the court's attention to previous authoritative determinations

of his lack of indigency is sufficient evidence of bad faith to support the district court's exercise of discretion.").

Also relevant to the bad faith inquiry is the credibility of a plaintiff's purported explanation. *Cf. Mullins v. Hallmark Data Sys., LLC*, 511 F. Supp. 2d 928, 930 (N.D. Ill. 2007) (explaining that "[t]he question is whether [the plaintiff's] explanations are credible or whether her IFP application was perjurious" and concluding that "[h]er vacillating and implausible excuses are not credible"). Courts are split, however, as to whether misunderstanding or reliance on the advice of others may constitute credible excuses. *Compare Balliviero v. Konrad*, Civ. No. A 01-2014, 2002 WL 139911, *4 (E.D. La. Jan. 31, 2002) (dismissing the case without prejudice where the "plaintiff's health concerns and alleged misunderstanding of several of the questions in the application were offered in mitigation of his misrepresentations"), *aff'd* 57 F. App'x. 211 (5th Cir. 2003), *and Acevedo v. Reid*, 653 F. Supp. 347, 348 (S.D.N.Y. 1986) (suggesting that the plaintiff inmate's reliance on the advice of another inmate, as opposed to an attorney, was evidence that the plaintiff's misrepresentations were likely an honest mistake), *with Bell*, 6 F. Supp. 2d at 865 ("[I]naccuracy based on ignorance or unnecessary haste is not excusable in formal, sworn Court filings which explicitly warn of the potentially serious consequences of false statement.").

Here, there is insufficient evidence to support a finding of bad faith. Williams' omissions were material given that the disclosure of the $16,000 account balance and monthly veterans' benefits would have directly influenced the Court's conclusion as to Williams' eligibility for IFP status. However, it is apparent in the record—and Williams'

deposition testimony in particular—that Williams misunderstood what the IFP process demanded of him.  Having never filed for IFP status before, Williams relied on the advice and guidance of others who had.  Further, Williams candidly volunteered answers to all financial questions posed by Defendants during his deposition, and he did not attempt to hide his receipt of veterans' benefits or the balance of his bank accounts.  Such candor lends support to the conclusion that Williams did not act with an intent to deceive the Court.

Defendants argue that *Romesburg* is controlling with regard to reliance on the advice of others in completing an IFP application.  However, the Eighth Circuit did not expressly hold that this explanation always lacks credibility.  Rather, the Eighth Circuit merely noted this factor in summarizing the district court's rationale pertaining to its finding of bad faith.  *See Romesburg*, 908 F.2d at 259-60 (reiterating the district court's reasoning that the plaintiff "was not excused by his receipt of poor advice, inconsistent on its face with the Court's form of affidavit").  In *Romesburg*, the district court also determined that the plaintiff's failure to disclose certain assets was "a conscious, deliberate, and intentional act."  *Id.* at 259.  In this case, in contrast, it appears most likely, as was the case in *Acevedo*, that Williams' untrue allegation of poverty was an honest mistake rather than willful deceit.  All of Williams' money and his expected future income consisted of veterans' benefits.  The advice Williams received regarding whether to disclose these veterans' benefits on his IFP Affidavit was ultimately incorrect, but the record fails to support that he acted in bad faith in relying on this advice in this case.

The Court, therefore, concludes that the record does not support that Williams acted in bad faith when he submitted the false IFP Affidavit, and as such, dismissal with prejudice would be an abuse of discretion. Accordingly, Williams' case is properly dismissed without prejudice.

## III.    Consideration of the Circumstances

Williams also argues that the circumstances of this case do not warrant dismissal with prejudice. Specifically, Williams avers that consideration should be given to the fact that the Court has repeatedly found Williams' claims to be meritorious. Further, Williams asserts it is relevant that Defendants seek permanent dismissal only after failing to achieve dismissal on the merits. Defendants argue that the circumstances of the case do not warrant dismissal without prejudice because the Eighth Circuit's "bad faith" standard is controlling. To the extent other circumstances are considered, Defendants point out that MSOP has recently demonstrated clinical support for Williams to obtain visitation with his daughter.

Regardless of whether a plaintiff has acted in bad faith, "once the district court makes that predicate finding, it remains free to decide whether, on consideration of all the circumstances, dismissal with prejudice is the appropriate sanction." *Harris*, 664 F.2d at 391; *see also Acevedo*, 653 F. Supp. at 348; *cf. Bell*, 6 F. Supp. 2d at 865 ("The Court's determination to dismiss the action with prejudice is made as an exercise of the Court's discretion, after due consideration of the severity of such a sanction, but in view of the seriousness and scope of the information omitted from and understated in plaintiff's financial affidavit."). This aspect of the analysis, while not yet explicitly adopted by the

11

Eighth Circuit, is consistent with its contention that "dismissal with prejudice is a drastic sanction which should be exercised sparingly." *Romesburg*, 908 F.2d at 260 (citation omitted). Further, *Romesburg* does not mandate dismissal with prejudice in every case where a plaintiff files an affidavit of poverty in bad faith. *See id.* (holding that "a district court has the *discretion* to dismiss a case with prejudice where a plaintiff has in bad faith filed a false affidavit of poverty") (emphasis added)). In imposing this sanction under § 1915, the court retains discretion to determine whether dismissal with prejudice is appropriate.

Accordingly, even if the Court were to find that Williams acted in bad faith, the Court concludes that dismissal without prejudice is the appropriate sanction in this case. The Court has determined that Williams has a viable constitutional claim against Defendants based on their conduct in denying Williams visitation with his daughter and granddaughter. Dismissing this claim with prejudice based on Williams' inability to comply with court procedures with which he was unfamiliar would not produce a just result. Williams candidly acknowledged his receipt of veterans' benefits during his deposition and credibly explained his misunderstanding regarding whether such benefits should be included on his affidavit. Since Defendants raised this issue with the Court, Williams has not persisted in asserting an inability to pay necessary fees.[6] Rather, he

---

[6]     To be sure, Williams also has not come forward with an amended IFP Affidavit, and he has not attempted to tender any court fees since Defendants raised this issue. However, Plaintiff is a *pro se* litigant proceeding with the assistance of counsel who is appearing "for the limited purpose of responding to Defendants' Motion for Summary Judgment." (*See* Doc. No. 93.) In light of the unusual procedural posture in which this

(Footnote Continued on Next Page)

simply asks that if the Court determines to dismiss the case, that it do so without prejudice.  The Court concludes that requiring Williams to refile the case, pay the court fees and costs, and begin his lawsuit anew, is a sufficient sanction under the circumstances.[7]

## ORDER

Based on the files, records, and proceedings herein, and for the reasons set forth above, **IT IS HEREBY ORDERED** that:

1.    Defendant's Motion to Dismiss pursuant to 28 U.S.C. § 1915(e)(2)(A) is **GRANTED**.

2.    Plaintiff's Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  November 30, 2017            s/Donovan W. Frank
                                     DONOVAN W. FRANK
                                     United States District Judge

---

(Footnote Continued From Previous Page)

issue arose and based on Williams status as a *pro se* litigant, the Court finds his actions in addressing his IFP status to be reasonable under the circumstances.  Importantly, the Court concludes that Williams' conduct does not support a finding of willful concealment or bad faith that would support imposing the drastic sanction of dismissal with prejudice.

[7]    As it was not raised by either party, the Court declines to consider whether a financial sanction may also be appropriate under the circumstances.  The Court, however, reserves the right to consider the imposition of a financial sanction in the future.